**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Case No. 1609002481 |
| | ) | |
| MARTHA MINGUCHA, | ) | |
| | ) | |
| Defendant | ) | |

Submitted:    March 17, 2017
Decided:      March 23, 2017

Erik Towne, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Richard Zemble, Esquire
4 E. 8th Street, Suite 400
Wilmington, DE 19801
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO SUPPRESS

The defendant, Martha Mingucha (hereinafter the "Defendant"), brings this motion to suppress evidence in connection with a Driving Under the Influence ("DUI") investigation. On January 31, 2017, the Court suppressed the contents of a Mobile Video Recording (hereinafter the "MVR"). The Defendant followed the suppression of the MVR with the instant Motion to Suppress. Specifically, the Defendant seeks to prevent the State from offering testimony concerning the events depicted in the MVR. The Court accepted briefing on the matter and reserved decision. This is the Final Decision of the Court on the Defendant's Motion to Suppress.

## PROCEDURAL HISTORY

On September 4, 2016, the Defendant was arrested and charged with a DUI offense and other related charges. The State, in responding to a timely discovery request from the Defendant, provided all relevant discovery, with the exception of an MVR depicting the DUI investigation. On November 2, 2016, at case review, this Court ordered the State to provide the Defendant with a copy of the MVR by November 23, 2016. As of December 21, 2016, the State had not provided the MVR, prompting the Defendant to file a Motion to Suppress.

On January 31, 2017, a hearing was convened on the Motion. This Court entered an Order, styled as a discovery sanction pursuant to Court of Common Pleas Criminal Rule 16, prohibiting the State from utilizing the MVR in its case-in-chief and allowing the Defendant to utilize the MVR for impeachment or as affirmative evidence in her defense.[1] However, the State was permitted to introduce testimony from the arresting officer concerning the events depicted in the MVR. Following the hearing, the Defendant submitted a letter memorandum requesting the State be prohibited from introducing the officer's testimony.

## PARTIES' CONTENTIONS

The Defendant raises three grounds for suppressing the officer's testimony. First, the Defendant argues the State's failure to provide the MVR should be treated as a violation under *Deberry*. Second, the Defendant argues the officer's testimony is violative of the Best Evidence Rule, as the MVR is the best evidence of what transpired during the DUI investigation. Third, the Defendant argues the allowance of testimony after suppressing the MVR will reward the State and encourage it to withhold evidence in future DUI cases.

---

[1] The Defendant was provided a copy of the MVR at the hearing.

In response, the State first argues *Deberry* is inapplicable because the MVR was not lost or destroyed and was, in fact, provided to the Defendant, albeit late. Second, the State contends the MVR was not withheld in bad faith and the Best Evidence Rule does not require suppression of independently valid methods of introducing evidence. Third and finally, the State argues there would be no benefit to purposely withholding an MVR in the future, as the State often prefers to utilize video evidence to highlight a defendant's impairment in ways testimony cannot convey.

## DISCUSSION

Preliminarily, neither party has presented case law where a court considered suppressing testimony in connection with an MVR – or equivalent evidence – for a discovery violation.[2] However, in *State v. Montalvo*,[3] this Court addressed the precise issue of a defendant seeking to suppress an officer's testimony following suppression of an MVR.[4] While the Court denied the suppression motion in *Montalvo*, the defendant in that matter did not raise the same arguments as the Defendant in the matter *sub judice*. Therefore, the Court will address each of the three grounds in this matter *seriatim* and will not rely upon *Montalvo* in reaching its decision.

---

[2] The Defendant cited to *State v. Shugard*, 2004 WL 844186 (Del. Com. Pl. Feb. 24, 2004). However, the cited opinion was limited to whether the appeal could go forward. It appears the Defendant intended to cite to the unpublished opinion in *State v. Shugard*, Del. Com. Pl., Case No. 0302017363, Beauregard, J. (June 21, 2005). The Court has been unable to locate, and the Defendant did not provide, a copy of the latter opinion. As stated by this Court in *State v. Wicks*, 2007 WL 2318652 (Del. Com. Pl. Aug. 8, 2007), "Judge Beauregard found that the State's failure to preserve the video tape in the DUI case caused the defendant to be "severely prejudiced" by the lost evidence. In the instant case, no evidence was lost[.]" *Id.* at *3. In the present case, the MVR was not lost or destroyed, thereby rendering *Shugard* distinguishable on the facts.

[3] 2015 WL 4496068 (Del. Com. Pl. Jul. 9, 2015) (Danberg, J.).

[4] The primary difference between *Montalvo* and this matter is one of notice. In *Montalvo*, the first indication an MVR existed did not occur until the day of trial. Here, the Court ordered the production of the MVR at case review. While the Court views the violation of a Court Order as a more serious violation, the Court has not determined whether this fact alone requires suppression of more than the MVR itself.

## I.    *Deberry v. State*[5]

The Defendant argues *Deberry* supports suppressing testimony concerning the events depicted in the MVR. *Deberry* is applicable when the State has lost or destroyed exculpatory evidence when it had the affirmative duty to preserve such evidence.[6] If the State breached its duty to preserve the evidence, then the Court must determine:

(1) The degree of negligence or bad faith involved;
(2) The importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available; and
(3) The sufficiency of the other evidence produced at the trial to sustain the conviction.[7]

This three-part test reveals a flaw in the Defendant's argument: the test specifically looks for the existence of evidence alternative to that which was lost or destroyed. In this matter, the existence of the officer's testimony would alleviate the need for relief under *Deberry* for a lost or destroyed MVR.

Without even reaching the question of whether a discovery violation constitutes a violation under *Deberry*, the Defendant cannot succeed under the applicable test. On the first factor, neither side has indicated the State's failure was due to bad faith; by all accounts, the failure to produce the MVR appears to be the product of negligence. On the second and third factors, *Deberry* specifically requires this Court to determine the sufficiency of *secondary or substitute evidence* – the very thing the Defendant is attempting to suppress. The testimony of the officer is expected to be credible and sufficient; any deficiencies will be addressed at the trial stage and cannot be determined in this pretrial proceeding. Accordingly, the Defendant cannot rely upon *Deberry* to justify suppression of the officer's testimony. Therefore, the Motion cannot succeed on this ground.

_____

[5] 457 A.2d 744 (Del. 1983).
[6] *See DeLoach v. State*, 2012 WL 2948188, at *3 (Del. Super. Jul. 16, 2012).
[7] *Id.* at *3-4.

4

## II.     The Best Evidence Rule

Delaware's Best Evidence Rule is codified in Delaware Rules of Evidence 1002-04, and generally holds the original document is preferable to other evidence of its contents; such evidence is allowed, *inter alia,* when the original has been lost, provided it was not lost in bad faith.[8]  For the purposes of the Best Evidence Rule, which does not list video recordings, the MVR constitutes a photograph.[9]

In *State v. Grivas,*[10] the Superior Court examined an officer's testimony on the results of an intoxilyzer test.  *Grivas* provides instruction on two relevant matters.  First, the Court noted the State's ultimate objective was to prove the defendant's blood alcohol concentration, albeit through the occurrence of an event.[11]  The intoxilyzer printout contained not only the BAC, but also the internal calibration checks.  Therefore, the preferred method of proving the defendant's BAC was through the printout and not through the officer's testimony of the BAC as conveyed through the printout.[12]  Second, the Court permitted the officer's testimony after determining the intoxilyzer card was lost and was not lost due to any bad faith on the part of the State.[13]  This finding was sufficient even in the face of the defendant's reduced ability to cross examine the officer on the other contents of the intoxilyzer card.[14]

Likewise, in *State v. Wicks,* this Court addressed an MVR which failed to capture the entirety of an encounter due to misalignment of the video equipment.  In *Wicks,* the defendant offered a similar argument concerning the Best Evidence Rule.  The Court disagreed:

---

[8] *See Deputa v. Tingle,* 2010 WL 8250820, at *2 (Del. Super. Oct. 27, 2010).  While DRE 1004 lists four exceptions for allowing secondary methods to prove the contents of a recording, only the first exception is applicable here.
[9] *See* DRE 1001(2).
[10] 1997 WL 127005 (Del. Super. Feb. 3, 1997).
[11] *See id.* at 5.
[12] *See id.*
[13] *See id.* at *6.
[14] *See id.*

5

> The Court finds wholly inapplicable the argument that a misaligned video tape of a defendant's performance of a field coordination test violates the Best Evidence Rule. The original document or police video is before the Court and is not "lost" or "damaged". The Court also finds that the misaligned video footage does not prohibit the investigating trooper in this case to offer oral testimony as secondary evidence on his actual observations of the defendant.[15]

In the case *sub judice*, the MVR is not independent proof of the Defendant's sobriety or lack thereof, as is an intoxilyzer printout. *Grivas* applied the Best Evidence Rule specifically because the intoxilyzer card was proof of intoxication, rather than the occurrence of an event in question. Here, the actions depicted on the MVR are properly construed as events which are evidentiary in nature, rather than as definitive proof of intoxication. As the State correctly noted in its brief, the MVR is incapable of conveying some of the relevant evidence, such as any odors of alcohol or observations occurring outside the view of the MVR. Those observations are not only the best evidence, but are in fact the sole evidence on such matters.

Concerning *Wicks*, the Court notes the instant matter is distinguishable from an incomplete recording. Furthermore, because the recording in *Wicks* failed to capture parts of the field sobriety tests, and was thus unavailable for either side, the violation was arguably more severe than the violation here. The Defendant is able to utilize the MVR for her own benefit. Indeed, the defendant in *Wicks* had a greater argument suggesting the video was "lost or damaged" than does the Defendant here, yet the Court nevertheless found such arguments insufficient to warrant the requested relief.

The Best Evidence Rule does not require suppression of the officer's testimony. DRE 1004 specifically states "[t]he original is not required, and other evidence of the contents of a writing, recording or photograph is admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]" First, the originals were

---

[15] *Wicks, supra*, at *4.

not lost or destroyed – they were merely not produced in a timely manner. While that is not to say the State is blameless or the violation is minor, such actions do not squarely fall within the rule. Second, the delay in production was not the result of bad faith. A plain reading of Rule 1004 thus holds the testimony is admissible when the party responsible for the unavailability of the original did not act in bad faith. The Rule allows for admissibility when any of the four exceptions apply. As the first exception applies, the alternative evidence is admissible under the Best Evidence Rule.

### III.    Preventing Future Discovery Violations

Lastly, the Defendant argues suppression is required to prevent the State from being rewarded for its discovery violation. This argument appears to be premised on the belief the State may choose to withhold an MVR when it would prefer to limit its evidence to an officer's testimony. The State responded to this argument by suggesting the State "would always prefer to play an MVR in addition to the officer's testimony[.]" What the State does not address, and what underlies the Defendant's argument, is the circumstance where an officer's testimony may not match the MVR. In such circumstances, presumably, the State will never provide the MVR (because, if it does, the MVR will be available to the defense for cross examination). The sanction of suppression may well be insufficient in such cases.

The Court, however, does not find a more severe sanction is required to prevent future misconduct. The Court has broad discretion to resolve violations of Rule 16.[16] This discretion exists to allow the Court to enter unique and individualized sanctions appropriate to the violation at hand, which is what the Court did by suppressing the MVR.[17] If the State should decide to use

---

[16] *See Service v. State*, 2015 WL 1234489, at *3 (Del. Mar. 17, 2015).
[17] *See id.*

7

this ruling as justification for engaging in bad faith actions in the future, then the State will necessarily suffer the consequences of such an action when and where appropriate.[18]

A sanction under Rule 16 is appropriate for remedying prejudice to the Defendant and not to hypothetical future defendants.[19] The Defendant has not alleged any prejudice beyond that which is felt by every criminal defendant. Under the circumstances of this precise matter and the conduct of the State in this particular case, the Defendant has not demonstrated the sort of conduct that justifies a more drastic sanction.[20]

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 23rd day of March, 2017, that Defendant's Motion to Suppress is **DENIED.**

The Honorable Carl C. Danberg
Judge

cc:     Charmar Jones, Judicial Case Manager

---

[18] The Court must note Delaware maintains high standards for its attorneys and expects all attorneys to act professionally, responsibly, and ethically, regardless of whether the attorney believes he or she may gain an advantage through bad faith tactics. In the absence of evidence, the Court will not presume such violations on the part of the Attorney General's office or any other officer of the court. Such violations must necessarily be dealt with if and when they occur, under the precise circumstances of such violations, and not under a presumption of future misconduct.

[19] *See Sutherland v. State*, 2007 WL 71129, at *3 (Del. Dec. 11, 2006) ("The trial court acted well within its discretion in refusing the more drastic remedy of suppressing the evidence in favor of relief that allowed [the defendant] a full opportunity to review the tape and to prepare her defense with knowledge of its contents.").

[20] "The Court recognizes that a harsh sanction could potentially deter future discovery violations. However, the Court will not impose such a sanction here because the Defendant has failed to demonstrate the significant prejudice required." *State v. Wright*, 2011 WL 826357, at *5 (Del. Com. Pl. Feb. 28, 2011).